IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATRICK A. DUFF | : | Civil Action No. 14-6079 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| | : | |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                     **August 4, 2015**

Plaintiff has filed a complaint against the City of Philadelphia, alleging that the City Council's policies regarding public comments during council meetings violate the First Amendment of the Constitution and the Pennsylvania Sunshine Act. Defendant has filed a motion to dismiss the claims. For the reasons set forth herein, the motion will be granted.

**I.     FACTUAL ALLEGATIONS**

The Philadelphia City Council has regular meetings which are open to public. During a designated portion of City Council meetings, members of the public are permitted to comment on agenda items, such as bills or resolutions before the City Council.[1] To do so, members of the public must add their name to a sign-in sheet and indicate the agenda item about which they intend to speak.

Plaintiff is a resident of the City of Philadelphia. On October 16, 2014, he signed up to speak at a City Council meeting. When Plaintiff was called to speak, he voiced his objection to the City Council rule limiting public comment at Council meetings to agenda items. The same day, he spoke to several Council members, and the Council president's staff, and asked that they

---

[1] The current policy on public comment reads: "Speakers may comment on any of the bills or resolutions that are on Council's Calendar (also known as the Agenda) for possible action at that day's Council session, even if those items are not actually called up for a vote. This consists of any items on the "Final Passage" and "Second Reading and Final Passage" sections of the Calendar."

help restore unrestricted public comment to the public meetings. All responded that the City Council was not required to allow broader public comment during City Council meetings.

On October 23, 2014, Plaintiff returned to the City Council, and read sections of the Pennsylvania Sunshine Act to several Council aides. This did not persuade the Council to change the policy. When Plaintiff then signed up to speak at the City Council meeting, indicating only "Objection" in the area that asks for the agenda item number, he was told that he must indicate an agenda item if he wished to speak. The Council's legal advisor suggested that he choose an agenda item, and then attempt to segue into another topic, not on the agenda, during the time allotted for him to speak. Plaintiff followed this advice and was permitted to speak and express his view.

## II.   STANDARD OF REVIEW

Dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" does not possess enough substance to show that plaintiff is entitled to relief.[2] In determining whether a motion to dismiss should be granted the court must consider those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[3] Something more than a mere *possibility* of a claim must be alleged; plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[4] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

[3] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Fay v. Muhlenberg Coll.,* No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[4] *Twombly*, 550 U.S. at 570.

substantial one."[5] Furthermore, courts are not bound to accept as true legal conclusions couched as factual allegations.[6]

## III. DISCUSSION

### A. *Lack of Standing*

Defendant argues that Plaintiff does not have standing to pursue his claims, because he has suffered no injury-in-fact. "Constitutional standing requires (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[7]

Defendant argues that Plaintiff has never been denied the opportunity to raise any of his concerns with the City Council, notwithstanding a Council policy which requires citizens to indicate which topic on the Council's agenda they wish to address at any public Council meeting. Plaintiff admits that he has been permitted to speak on topics which fall outside the agenda, and has therefore suffered no concrete harm. However, he argues that the policy which requires him to identify a particular agenda item about which he wishes to speak imposes a burden which is not permissible under the First Amendment or the Sunshine Act.

The Court holds that Plaintiff has failed to demonstrate that he has suffered, or is in danger of imminently suffering, a concrete injury, and therefore he lacks standing to proceed.

---

[5] *Id.* at 562.

[6] *Id.* at 555, 564.

[7] *Danvers Motor Co. v. Ford Motor Co.,* 432 F.3d 286, 290-91 (3d Cir. 2005).

Thus, dismissal is appropriate on this basis. However, as an alternative basis for dismissal, the Court also holds that Plaintiff has failed to state any legally cognizable claims.

  B.  *Council Policy Does Not Violate the First Amendment*

The parties agree that City Council meetings are a limited public forum for First Amendment purposes.[8] In such a forum, "content-based restraints are permitted, so long as they are designed to confine the forum to the limited and legitimate purposes for which it was created."[9] Council meetings are held for the limited purpose of local governance and discussing topics related to governance.[10] Thus, attendees may be limited to discussion of certain subjects, germane to the Council and the governance of the City, provided that any restrictions on speech are viewpoint neutral and reasonable in light of the purpose served by the forum.[11] Limits on speech at Council meetings must be narrowly tailored to serve an important government interest and leave open ample alternatives for communication of information.[12]

The requirement that speakers identify an agenda item they wish to address is a viewpoint neutral one, not favoring speakers on one side of an agenda issue over another. Plaintiff does not dispute that the rule is viewpoint neutral; instead, he challenges its reasonableness in light of the purpose served by the forum.

The City argues that the restrictions imposed on public comments at City Council meetings are reasonable time, place, and manner restrictions, permitted by the First Amendment, and are a necessary means to maintain order and efficiently conduct City Council business

---

[8] See Compl. at ¶ 10.

[9] *Eichenlaub v. Twp of Indiana*, 385 F.3d 274, 280 (3d Cir. 2004) (internal quotation and citation omitted).

[10] *Galena v. Leone*, 638 F.3d 186, 199 (3d Cir. 2011) (citation omitted).

[11] *Id.*

[12] *Id.* (citation omitted)

4

during Council meetings, while allowing citizens to be heard before any official action is taken by the Council. Thus, the policy is narrowly tailored to serve an important government interest.

Plaintiff argues that the policy is not a reasonable restriction, as it does not afford an adequate alternative channel of communication to express concerns about city governance issues not listed on the Council's agenda. However, Plaintiff has not alleged any facts demonstrating that he was foreclosed from expressing concerns about non-agenda items to City Council members. As Plaintiff himself asserted, not only was he was permitted to segue from an agenda item to other topics of concern during a City Council meeting, but he also met individually with multiple City Council members and aides to express his concerns. Plaintiff has failed to allege facts from which the Court could infer that the City Council's current public comment policy deprives the public of adequate channels of communication to express concerns about the City's governance on any topic.

For these reasons, the Court holds that Plaintiff has failed to plead that the requirement that those citizens wishing to comment during Council meetings identify a topic on the agenda about which they will remark is unreasonable in light of the purpose served by the forum, and Defendant's motion to dismiss the First Amendment claim will be granted.[13]

C. *Policy does not violate the Sunshine Act*

The Pennsylvania Sunshine Act[14] reads, in relevant part:

> [the] council of a political subdivision . . . shall provide a reasonable opportunity at each advertised regular meeting and advertised special meeting for residents of the political subdivision . . . to comment on matters of concern, official action or deliberation which are or may be before the board or council prior to taking official action.

---

[13] *See Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 281 (3d Cir. 2014) (speech in a limited public forum may be limited to that which is germane to the purpose of the meeting).

[14] 65 Pa. C.S.A. § 710.1

Plaintiff argues that while the City Council's policy allows commentary on matters up for official action or deliberation, it does not allow the public to comment on other "matters of concern," and therefore it does not comply with the Sunshine Act. Plaintiff interprets the act as requiring a policy which affords citizens the opportunity to speak on *any and all* "matters of concern" at each council meeting. Plaintiff points to no case law in support of his proposed interpretation.

The City interprets the Sunshine Act as requiring a policy which affords citizens an opportunity to speak on those "matters of concern" "which are or may be before the board or council prior to taking official action."[15] That is, the City interprets the Act as permitting the City Council to limit public comment to matters which may be or will be presented to the Council for official action (taking a vote, making a decision, or establishing a policy) during a particular meeting. The City's position is supported by case law; for example, in *Alekseev v. City Council of City of Philadelphia,* the Commonwealth Court held that: "Limiting public comment to the subject of the proposed legislation under consideration by the committee is patently reasonable and in no way violates the Act."[16]

The Court agrees with the City's interpretation of the Sunshine Act. Assuming that the Council agenda reflects all matters on which the City Council may act during a meeting (and Plaintiff makes no allegations to the contrary), the City Council's current policy complies with the plain language of the Sunshine Act.

---

[15] 65 Pa. C.S.A. § 710.1.

[16] *Alekseev v. City Council of City of Philadelphia*, 976 A.2d 1253, 1257 (Pa. Commw. Ct. 2009)(rev'd on other grounds, *Alekseev v. City Council of City of Philadelphia,* 8 A.3d 311 (Pa. 2010)). *See also Baravordeh v. Borough Council of Prospect Park*, 706 A.2d 362, 367 (Pa. Commw. Ct. 1998).

**IV.    CONCLUSION**

For the reasons set forth herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted. Because Plaintiff has been permitted to speak on non-agenda topics at City Council meetings, and because he alleged that he has also been afforded the opportunity to discuss his concerns individually with council members and their staff, indicating that the council provides an adequate alternative channel of communication, the Court finds that it would serve no purpose to permit amendment of the Complaint. An appropriate order follows.